# Nashville, Chattanooga & St, Louis Railway *v.* Smith.

*Action against Common Carrier for Loss of Goods.*

[Decided Feb. 13th, 1902.]

1. *Motion to strike pleading; how reviewed.*—A motion to strike a pleading will be reviewed by the Supreme Court only when the ruling thereon is presented by bill of exceptions.

2. *Evidence, when objection to not considered.*—Where objection to evidence is raised for the first time on appeal it will not be considered.

3. *Liability of common carrier for negligent performance of contract made by its agent.*—In an action of assumpsit under Code form 15, section 3352 of the Code, against a common carrier for failure to deliver freight, the carrier is liable for a negligent performance of a verbal contract made by its agent, which it undertook to perform, whether the agent was authorized to make such contract or not.

4. *Carriers; limitations on authority of agent; how far binding.*—A shipper is not bound or affected by instructions from a carrier to its agent, forbidding him to make contracts to deliver freight at a certain point, unless he knows of such limitations on the agent's authority when he makes the contract, where the agent had authority to contract for the transportation of freight to all points on defendant's road and its connecting lines.

[Nashville, Chattanooga & St. Louis Railway v. Smith.]

APPEAL from Marshall Circuit Court.

Tried before Hon. J. A. BILBRO.

The action was in Code form, under form 15, section 3352 of the Code, and was begun in a justice's court and appealed to the circuit court. The trial was had on issue joined on the plea of the general issue. The goods were consigned to the plaintiff, Jasper Smith, at "Guntersville, Ala., Tenn. & Coosa Division of the N. C. & St. Louis R'y., route via Chattanooga, care Tenn. Transportation Company." Upon arrival of the goods at Guntersville, and upon being notified of their arrival there, plaintiff refused to receive them, and made a verbal agreement with defendant's agent there, one McCord, to deliver the goods (fertilizer) at points on the Tennessee river by means of the Tennessee River Transportation Co. The defendant admitted that McCord had authority to issue bills of lading and make contracts for shipment of freight to all points on its line, and connecting lines, except the Tennessee River Transportation Co. Defendant offered to prove on the trial that the agent had no authority to make a verbal contract with plaintiff to deliver freight on the banks of the Tennessee river and had been specially instructed not to make such contracts. The court declined to allow this evidence, and charged the jury as follows: "The question as to whether McCord, the defendant's agent, had authority to make the contract for the delivery of the fertilizer by the Tennessee River Transportation Company, has nothing to do with the case, it being admitted by the defendant that said agent had authority to contract for the transportation of freight and passengers to all points on defendant's road and its connecting lines, provided you believe the plaintiff did not know at the time of this limitation upon McCord's authority." There were verdict and judgment for plaintiff, and defendant appeals.

OSCAR R. HUNDLEY, for appellant, cited *Grover & Baker Sewing Machine Co. v. M. P. Ry. Co.*, 70 Mo. 672; *Church v. L. & N. R. R. Co.*, 42 Mo. App. 632; *Turner v. St. L. & S. F. R. R. Co.*, 20 Mo. App. 632;

*Patterson v. K. C., F. S. & M. R. R. Co.,* 47 Mo. App. 570; *Riley v. R. R. Co.,* 34 Hun. 97; *Melbourne & Troy v. L. & N. R. R. Co.,* 88 Ala. 443.

O. D. STREET, *contra,* cited 5 Am. & Eng. Ency. Law (2d ed.), 185, 351.

DOWDELL, J.—The first assignment of error is based upon the refusal of the trial court on motion of the defendant to strike the complaint filed in the circuit court. Rulings on motions to strike from the file pleadings will be reviewed on appeal only when properly presented by bill of exceptions. There is nothing contained in the bill of exceptions relative to the court's ruling on the motion to strike.

The testimony of the plaintiff which was taken on interrogatories at the instance of defendant under the statute, Art. 4, Ch. 46, p. 582 Code of 1896, was offered and introduced in evidence by plaintiff without objection on the part of the defendant, and objection raised for the first time on appeal will not be considered.

It was conceded that the defendant railroad company delivered freight to the Tenn. Transportation Co. for delivery at certain landings on the Tennessee River, but not at the landings where the goods in question were to be delivered, but this was not made known to the plaintiff and he had no knowledge of any such limitations as to the landings in the shipment of freight by the defendant, when he made the verbal agreement with the agent of the defendant company. Whether the agent had authority to make the contract or not with plaintiff, becomes immaterial in view of the fact that the defendant company undertook to carry out the same, and the loss to the plaintiff resulting from such a negligent performance of the countract as amounted to a breach of the same. While the action is in assumpsit on the contract, still, on the undisputed evidence here, the result would be the same if the action had been in case. As was said in *Melbourne & Troy v. L. & N. R. R. Co.,* 88 Ala. 449, and the principle is applicable here: "It is familiar law, that when one un-

[Southern Railway Company v. Jones.]

·dertakes gratuitously to· perform some act with re-
spect to the property of another, he is not bound to do
it; but, if the act is performed, it must be done with some
degree of care, and the mandatory will be held responsi-
ble for any injury and loss that may result from a want
of due care in the manner of his performance.—Story
on Bailments, §§ ·165-174, 175.

We ·find no error in the record, and the judgment is
affirmed.

*Action against Common Carrier for Negligent Injury*
*to Horse.*